IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02987-CMA-KMT

MATTHEW GETZELMAN,

    Plaintiff,

v.

TRUSTWAVE HOLDINGS, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. # 15.) For the reasons that follow, Plaintiff's Motion to Remand is denied.

### I.    BACKGROUND

Plaintiff Matthew Getzelman began working for Defendant Trustwave Holdings, Inc., an information security provider, in 2007. (Doc. # 14, ¶ 6.) In 2009, Plaintiff signed an Employment, Confidential Information, and Invention Assignment Agreement ("Employment Agreement") which mandated, among other things, non-competition and the settlement of any disputes through arbitration in Maryland. (*Id.*, ¶¶ 7, 18; Doc. # 4-1, at §§ 8.2(a) and 9(a).) On August 3, 2012, Plaintiff left his job at Trustwave to work at Coalfire Systems, Inc. (Doc. # 14, ¶ 22-23.)

In September 2013, Defendant filed an arbitration demand for $1-5 million against Plaintiff in Maryland, alleging that Plaintiff had breached the Employment

Agreement by working for Coalfire, Trustwave's competitor.  (*Id.*, ¶ 28; Doc. # 14-2.)  On October 1, 2013, Plaintiff filed a claim in Colorado state court, seeking Declaratory Relief that the forum selection clause and choice of law provisions in the Employment Agreement are unenforceable, and seeking Injunctive Relief enjoining Defendant from proceeding with the Maryland arbitration against Plaintiff.  (Doc. # 3, ¶ 59.)  On October 31, 2013, Defendant removed the case to federal court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Doc. # 1.)  Plaintiff filed an amended complaint on November 26, 2013.  (Doc. # 14.)

On November 28, 2013, Plaintiff asked this Court to remand the case, alleging that Defendant failed to establish that the amount in controversy exceeded $75,000, as required by 28 U.S.C. § 1332.  (Doc. # 15, at 4.)  On January 3, 2014, Defendant filed a Response.

## II.   LAW AND ANALYSIS

In every case and at every stage of a proceeding, a federal court must "satisfy itself of its own jurisdiction."  *Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  A defendant in a civil case may remove the case from state to federal court when the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441.  A defendant demonstrates that the federal court has original jurisdiction under 28 U.S.C. § 1332 when two conditions are met: "where the matter in controversy exceeds the sum or value of $ 75,000 . . . and is between [c]itizens of different States."  28 U.S.C. § 1332(a)(1).  The party seeking federal jurisdiction bears the burden of establishing subject-matter jurisdiction.  *Montoya*

*v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  A removing defendant must prove jurisdictional facts by a "preponderance of the evidence," including that the amount in controversy may exceed $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

In declaratory and injunctive judgment actions, the amount in controversy is measured by the value of the object of the litigation.  *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347 (1977).  To determine the amount in controversy, the court looks to the pecuniary effect an adverse declaration will have on either party to the lawsuit.  *Moore v. Atchison, Topeka, & Santa Fe. Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983).  *See also Okla. Retail Grocers Ass'n v. Wal-Mart Stores, Inc.*, 605 F.2d 1155, 1159 (10th Cir. 1979).  This is known in the Tenth Circuit as the "either viewpoint rule."  *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006).  In cases to compel or stay arbitration, a court "look[s] through to the possible award resulting from the desired arbitration to determine the amount in controversy." *Woodmen of the World Life Ins. Soc'y v. Mangarano*, 342 F.3d 1216, 1217 (10th Cir. 2003) (citation omitted) (determining the amount in controversy in cases seeking to compel arbitration); *Bopardikar v. Morgan Stanley & Co., Inc.*, No. 08–cv–01136–REB–MEH, 2008 WL 2704491, at *1-2 (D. Colo. July 1, 2008) (expanding the *Mangarano* holding to cases seeking to stay arbitration "because the issue is still the same: whether arbitration is contractually required?")

"The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of

removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  The amount in controversy is established in a complaint when the recited facts include a reference to the amount demanded by the defendant.  *See WBS Connect, LLC v. One Step Consulting, Inc.*, No. 07-cv-0514, 2007 WL 4268971, at *3 (D. Colo. Nov. 30, 2007) (plaintiff's reference to defendant's $2.5 million claim in its complaint was sufficient to establish the amount in controversy in an action for declaratory relief).

In the instant case, Plaintiff alleges that this Court lacks subject matter jurisdiction because Defendant "did not set forth facts in its Notice of Removal establishing that the amount in controversy exceeds $75,000."  (Doc. # 15, at 4.)  However, in the Complaint, Plaintiff asks this Court to enjoin Defendant's $1-5 million arbitration demand.  (Doc. # 14, ¶ 40.)

As with a request to stay or compel arbitration, the request to enjoin also asks the question, "whether arbitration is contractually required?"  *See Bopardikar*, 2008 WL 2704491, at *1.  Thus, this Court looks through to the possible award that could result from the desired arbitration to determine the amount in controversy, which, according to the arbitration demand, is $1-5 million.  *See WBS Connect,* 2007 WL 4268971 at *3.  As the facts alleged in the complaint are expressly incorporated into the claims for declaratory relief (Doc. # 14, ¶¶ 35, 39), they may be utilized to determine the amount in controversy.  Because the amount in controversy is determined by the complaint, the Court need not look at the notice of removal to determine if Defendants have demonstrated the amount in controversy by a preponderance of the evidence.  *See id.,*

*Laughlin*, 50 F.3d at 873.[1]  The $1-5 million demand is well above the statutory minimum in 28 U.S.C. § 1332 and the parties are diverse; therefore, federal jurisdiction is proper.

### III.   CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand (Doc. # 15) is DENIED.

DATED:  April __08__, 2014

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] To supplement its claim and further value the litigation, Defendant submits, by way of affidavit, evidence that Defendant paid Plaintiff total compensation of at least $124,000 while he was employed at Trustwave.  (Doc. # 21-1, ¶ 3.)  Defendant asserts that this compensation "is a tangible way of valuing, from Getzelman's perspective, the restrictive covenants that were allegedly breached."  (Doc. # 21, at 10.)  Plaintiff contends that this information was improperly pleaded because it was not included in the Notice of Removal.  (Doc. # 27, at 2.)  As federal jurisdiction may be based on the allegations in Plaintiff's complaint, the Court need not address this contention.