**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02987-CMA-KMT

MATTHEW GETZELMAN,

    Plaintiff,

v.

TRUSTWAVE HOLDINGS, INC.,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

    This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. # 20.) For the reasons that follow, Defendant's motion is granted in part and denied in part.

## I.  BACKGROUND

    Plaintiff Matthew Getzelman began working for Defendant Trustwave Holdings, Inc., an information security provider, in 2007. (Doc. # 14, ¶ 6.) In 2009, Plaintiff signed an Employment, Confidential Information, and Invention Assignment Agreement ("Employment Agreement") which mandated, among other things, non-competition and the settlement of any disputes through arbitration. (*Id.*, ¶¶ 7, 18; Doc. # 14-1 at §§ 8.2(a) and 9(a).)

    On August 3, 2012, Plaintiff left his job at Trustwave to work at Coalfire Systems, Inc. ("Coalfire"). (Doc. # 14, ¶¶ 22-23.) In September 2013, Defendant filed an

arbitration demand against Plaintiff in Maryland, alleging that Plaintiff had breached the Employment Agreement by working for Coalfire, Trustwave's competitor. (*Id.*, ¶ 28; Doc. # 14-2.) On October 1, 2013, Plaintiff filed the instant suit seeking declaratory judgment and injunctive relief in regard to the Employment Agreement. (Doc. # 1-4.) On November 21, 2013, Defendant filed a motion to dismiss. (Doc. # 13.) However, on November 26, 2013, Plaintiff filed an amended complaint (Doc. # 14), which rendered Defendant's motion moot (Doc. # 22). In November 2013, Defendant also filed a state case in Illinois naming Plaintiff's new employer, Coalfire, as the defendant. (Doc. # 14, ¶ 1.)

On January 3, 2014, Defendant filed the instant motion to dismiss Plaintiff's amended complaint. (Doc. # 20.) Plaintiff filed a response on February 21, 2014. (Doc. # 32.) Defendant replied on March 21, 2014. (Doc. # 35.)

## II. STANDARD OF REVIEW

Defendant argues that the arbitration provision in the Employment Agreement divests this Court of subject matter jurisdiction and, therefore, Getzelman's claims should be dismissed under Fed. R. Civ. P. 12(b)(1).[1] (Doc. # 20 at 1.) Dismissal pursuant to Fed. R. Civ. P. 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. "The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). Rule 12(b)(1) challenges

---

[1] Defendant further alleges Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6). However, throughout its briefing Defendant fails to make arguments pursuant to the Rule 12(b)(6) standard. (Doc. # 20 at 1.) Therefore, the Court construes the motion pursuant to Rule 12(b)(1).

are generally presented in one of two forms: "[t]he moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004) (quoting *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003)); *see Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

### III. LAW AND ANALYSIS

Defendant requests that this Court dismiss Plaintiff's claims because Plaintiff agreed to arbitrate disputes that arise out of his Employment Agreement.  (Doc. # 20.) Therefore, Defendant argues Plaintiff's claims are for the arbitrator, not this Court, to decide.

**A.    LAW REGARDING ARBITRATION AGREEMENTS**

The Federal Arbitration Act ("FAA") governs the enforcement of arbitration clauses in commerce and maritime contracts.  9 U.S.C. §§ 1-16.  Section 2 of the FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  The FAA, therefore, "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms."

*Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67-68 (2010) (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Volt Info. Sci., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)).  "Like other contracts, however, they may be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'"  *Id.* at 68 (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).  Nonetheless, parties can contractually agree to arbitrate gateway questions of arbitrability, such as whether a particular dispute is governed by the arbitration clause.  *Id.* at 68-69.

Under section 4 of the FAA, "[t]he court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  Once a court determines that a claim is subject to arbitration, the court is without authority to address the merits of that claim.  *See Prima Paint Corp. v. Flood & Conklin Mfr. Co.*, 388 U.S. 395, 400 (1967).  "[T]he basic purpose of the [FAA] is to overcome courts' refusals to enforce agreements to arbitrate."  *Perez v. Qwest Corp.*, 883 F. Supp. 2d 1095, 1104 (D.N.M. 2012) (citing *Allied–Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 270 (1995)).

### B.   WHETHER THE PARTIES "CLEARLY AND UNMISTAKABLY" AGREED TO ARBITRATION

The Court must first determine the threshold question of whether the parties "clearly and unmistakably" agreed to arbitrate.[2]  *Riley Mfg. Co., Inc. v. Anchor Glass*

---

[2] Despite a plethora of law on this subject, the parties have not addressed or analyzed any case law regarding what contractual language constitutes a clear and unmistakable intent to

4

*Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998). "The question whether parties have submitted a particular dispute to arbitration, *i.e.*, the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Techs. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). A dispute regarding "arbitrability" carries the presumption that it is a court, not an arbitrator that should decide the "arbitrability" question. *Id.* at 82 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)). "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is clear and unmistakable evidence that they did so." *Rent-A-Ctr.*, 561 U.S. at 79 (quoting *First Options*, 514 U.S. at 944). Clear and unmistakable evidence of an agreement to arbitrate arbitrability includes: (1) "a course of conduct demonstrating assent," or (2) "an express agreement to do so." *Id.* at 79-80.

The Employment Agreement contains a delegation provision that states:

> I agree that any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration to be held in Anne Arundel County, Maryland, in accordance with the rules then in effect of the American Arbitration Association [("AAA")].

(Doc. # 14-1 at § 9(a).) The Tenth Circuit has held that arbitration clauses using the broad "arising out of" language are not considered to be "clear and unmistakable" evidence that the parties expressly agreed to arbitrate. *See Riley*, 157 F.3d at 780-81.

---

arbitrate arbitrability. However, this test is an essential determination that must be decided by the Court before sending the parties to arbitration. *See Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 82 (2002) ("Substantive questions of arbitrability—such as whether parties are bound by an agreement or whether the agreement covers the dispute in question—are gateway issues for the court.").

The Tenth Circuit reasoned that this general language is not sufficient because "there is no hint in the text of the clause or elsewhere in the contract that the parties expressed a specific intent to submit to an arbitrator the question whether an agreement to arbitrate exists." *Id.* at 780.  But, the *Riley* court did not explicitly consider or address whether additional contractual language that incorporates the AAA Rules satisfies the "clear and unmistakable" test.  *Id.*

In the instant case, in addition to the expansive declaration that "any dispute . . . arising out of" the Employment Agreement will be determined by an arbitrator, this provision includes the clear and explicit requirement that arbitration be conducted in "accordance with the rules then in effect by the [AAA]."  Indeed, this Court and others in this district have found that by including this additional language the parties "clearly and unmistakably" agreed to be bound by arbitration.  *See, e.g.*, *Chen v. Dillard's Inc.*, No. 12-cv-2366-CM, 2012 WL 4127958, at *2 n.1 (D. Kan. Sept. 19, 2012) (unpublished); *Pikes Peak Nephrology Assoc's. v. Total Renal Care, Inc.*, Case No. 09-CV-00928-CMA-MEH, 2010 WL 1348326, at *7 (D. Colo. Mar. 30, 2010) (unpublished); *Qwest Corp. v. New Access Commc'ns, LLC*, No. 03-1278, 2004 U.S. Dist. LEXIS 28523, at *21-22 (D. Colo. Mar. 31, 2004) (unpublished).  Under Rule 6(a) of the AAA, "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement."  Therefore, by incorporating the AAA Rules and agreeing to be bound by these rules, the parties "clearly and unmistakably" evidenced their intent to arbitrate all matters, including the question of arbitrability.  *See Pikes Peak*, 2010 WL 1348326, at *7; *Qwest*

*Corp.*, 2004 U.S. Dist. LEXIS 28523, at *21-22; *United States ex rel. Beauchamp & Shepherd v. Academi Training Ctr.*, No. 1:11-cv-371, 2013 WL 1332028, at *5 (E.D. Va. Mar. 29, 2013) (unpublished) ("[T]he seven circuits that have explicitly addressed this question have held that the express adoption of these rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.") (internal quotation marks omitted).

## C.   UNCONSCIONABILITY

Next, the Court will consider whether it or the arbitrator must determine whether the Employment Agreement and its arbitration provision are unconscionable.  (Doc. ## 14, ¶¶ 36-38; 32 at 2-3.)

> There are two types of validity challenges under § 2 [of the FAA]: One type challenges specifically the validity of the agreement to arbitrate, and [t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e.g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid.

*Rent-A-Ctr.*, 561 U.S. at 70 (quoting *Buckeye*, 546 U.S. at 444) (internal quotations omitted).  Specifically, "only the first type of challenge is relevant to a court's determination whether the arbitration agreement at issue is enforceable."  *Id.* at 70 (citing *Prima Paint*, 388 U.S. at 403-04; *Buckeye*, 546 U.S. at 444-46; *Preston v. Ferrer*, 552 U.S. 346, 353-54 (2008)).  A party's challenge must be directed specifically to the agreement to arbitrate before the court will intervene.[3]  *Id.* at 71.  Absent a delegation clause challenge, this Court may enforce the specific agreement to arbitrate because

---

[3]  These particular sentences are often referred to as the "delegation provision" or "delegation clause."  *See Rent-A-Ctr.*, 561 U.S. at 64, 73, 76.

arbitration clauses are severable from the larger contract.  *Id.* at 70-71.  Therefore, regardless of whether the contact as a whole is invalid, the arbitration clause is separately enforced and its validity separately determined.  *See Id.*  Thus, unless the party challenging the enforcement of the arbitration agreement challenged the delegation provision specifically, this Court "must treat it as valid under [FAA] § 2, and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the Agreement as a whole for the arbitrator."  *Id.* at 72.

"The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement."  *Rent-A-Ctr.*, 561 U.S. at 69.  In the instant case, the Employment Agreement contains a delegation provision that states, "any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of this Agreement, shall be settled by arbitration . . . in accordance with the rules then in effect of the [AAA]."  (Doc. # 14-1 at § 9(a).)  Plaintiff's amended complaint vaguely alleges that the arbitration provisions contained in the Employment Agreement are unconscionable.  *See* (Doc. # 14, ¶¶ 11-16, 19, 35-36).  However, he does not specifically challenge the delegation provision itself.  For instance, Plaintiff makes general claims that he was forced to sign the agreement or lose his job, lacked bargaining power, could not understand the contract, was unable to seek legal counsel, and was not provided a copy of the agreement.  (Doc. # 14, ¶¶ 8, 15-17, 20.)  Yet these allegations pertain to the validity of the Employment Agreement as a whole.  *See Rent-A-Ctr.*, 561 U.S. at 70-72.  Likewise, Plaintiff makes several allegations regarding the arbitration provisions, including that Illinois law is unfavorable to employees, Defendant

has an unfair advantage, Plaintiff is deprived of financial protection, Defendant solely drafted the provisions in standardized "legalese" and fine print, Plaintiff received no consideration for signing the provisions, and the arbitration provisions are unconscionable. (Doc. # 14, ¶¶ 11-16, 19, 21.) Such allegations challenge only the arbitration provisions as a whole, not the delegation provision. *See Rent-A-Ctr.*, 561 U.S. at 70-73.

The only challenge arguably directed to the delegation provision is Plaintiff's claim that it is unconscionable that he be required to travel to Maryland. (Doc. # 14, ¶ 18.) However, this bare allegation is insufficient. Plaintiff does not allege that the incorporation of the AAA Rules, which delegate the threshold issue of validity to the arbitrator, was procedurally or substantively unconscionable. *Brennan v. Opus Bank*, 2:13-CV-00094-RSM, 2013 WL 2445430, at *7 (W.D. Wash. June 5, 2013) (unpublished). Accordingly, because Plaintiff failed to challenge the delegation clause, the arbitrator, not this Court, must construe Plaintiff's claim of unconscionability. *See Rent-A-Ctr.*, 561 U.S. at 70-73.

**D.   WAIVER**

    1.   <u>Whether this Court determines waiver</u>

Plaintiff further contends that, even if this Court concludes that the arbitrator decides unconscionability, this Court must decide whether Defendant waived its right to arbitration by engaging in a state court action against Plaintiff's employer. (Doc. ## 14, ¶ 38; 32 at 7-10.) Courts are divided on the issue of whether the procedural question of waiver-by-conduct is to be decided by a court, or an arbitrator. Ordinarily, "procedural

questions which grow out of the dispute and bear on its final disposition are presumptively not for the judge, but for an arbitrator, to decide." *Howsam*, 537 U.S. at 84 (citing *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964). However, this Court has concluded that a court has authority to determine waiver-by-conduct claims. *Blanco v. Sterling Jewelers Inc.*, No. 09-CV-01330-CMA-KLM, 2010 WL 466760, at *3 (D. Colo. Feb. 9, 2010) (unpublished) (analyzing the several circuits that hold waiver-by-conduct remains a threshold question for the court).[4]

    Waiver often turns on whether a party is attempting to "game the system," and courts are "most adept at policing procedure-abusing process." *JPD*, 539 F.3d at 394. Moreover, the waiver determination does not advance the merits of a dispute, it simply sets the forum. Passing a case from the court to the arbitrator to decide whether the case should be sent back to the court would be "exceptionally inefficient," which arbitration is designed to avoid. *Id.* For these reasons, the Court will decide whether Defendant's conduct constitutes waiver.

---

[4] Defendant cites *U.S. ex rel. Superior Steel Connectors Corp. v. RK Specialties Inc.*, No. 11-CV-01488-CMA-MEH, 2011 WL 5176157 (D. Colo. Oct. 31, 2011), for the proposition that waiver is a question for the arbitrator. (Doc. # 35 at 8.) But, Defendant fails to appreciate the distinction in that case. In *Superior Steel*, this Court followed *Howsam's* instruction that "prerequisites such as **time limits**, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met, are for the arbitrators to decide." 2011 WL 5176157, at *5 (emphasis in original). Accordingly, this Court concluded that "the issue of waiver by failing to timely elect arbitration is not a substantive arbitrability issue for the Court but a procedural one for the arbitrator." *Id.* at *5. Thus, Defendant is correct that this Court has sent procedural determinations to the arbitrator before. However, in cases where a party waives arbitration through inconsistent conduct, the Court decides whether waiver is present. *See Blanco*, 2010 WL 46670, at *3-5; *see also JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 394 (6th Cir. 2008). In addition, Defendant cites to *RMES Commc'ns, Inc. v. Qwest Bus. Gov't Servs., Inc.*, No. 05-CV-02185-LTB-MJW, 2006 WL 1183173, at *3-5 (D. Colo. May 2, 2006), to assert the issue of waiver is for the arbitrator. But, this Court declined to follow this case's reasoning. *See Blanco*, 2010 WL 46670, at *3.

2. <u>Whether Plaintiff has stated a claim for waiver</u>

A party alleging a waiver of arbitration bears a heavy burden of proof in light of the strong federal policy favoring arbitration. *Lamkin v. Morinda Properties Weight Parcel, LLC*, 440 F. App'x 604, 610 (10th Cir. 2011) (citing *Hill v. Ricoh Americas Corp.*, 603 F.3d 766, 775 (10th Cir. 2010)). In determining whether a party has waived its right to arbitration, a court examines the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [*e.g.*, taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

*Hill*, 603 F.3d at 772-73; *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994); *Peterson v. Shearson/Am. Exp., Inc.*, 849 F.2d 464, 467-68 (10th Cir. 1988); *see also Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colorado*, 614 F.2d 698, 702 (10th Cir. 1980). But, an individual that is not a party to the contract cannot be bound by that contract and compelled to arbitration unless he or she is bound by "principles of agency, incorporation by reference, veil-piercing, assumption or implied conduct, estoppel, successor in interest, and/or third-party beneficiary." *Genberg v. Porter*, 935 F. Supp. 2d 1094, 1101-02 (D. Colo. 2013).

Plaintiff argues Defendant waived its right to arbitration by pursuing litigation against Plaintiff's employer, Coalfire. (Doc. ## 14 at 5-7, 32 at 10.) Plaintiff alleges

11

that Defendant's actions in state court allow Defendant "to manipulate the judicial and arbitral processes to the detriment of [Plaintiff], requiring him to defend in two forums at once and risking inconsistent outcomes." (Doc. # 14, ¶ 34.) However, this argument is unpersuasive considering Plaintiff's admission that, "in the Circuit Court of Cook County, Illinois (the "Illinois case") . . . [Plaintiff] was not directly named as a defendant." (*Id.*, ¶ 24.) Plaintiff may be indirectly affected by the outcome in the Illinois case, but only because his employer is named, not because a determination in that case would make him liable. Furthermore, the record does not indicate that Defendant's actions against Coalfire are an attempt to circumvent arbitration and litigate against Plaintiff. As a result, the Court need not analyze the factors for waiver because Coalfire, the named party in the state court case, is a third-party not bound by the Employment Agreement. *See Genberg*, 935 F. Supp. 2d at 1101-02; (Doc. ## 14 at 5-7, 32 at 10). Hence, Defendant's actions pursuing a state court case against a third-party, does not affect whether Defendant waived its ability to pursue arbitration with the individual Plaintiff.[5] *See Genberg*, 935 F. Supp. 2d at 1101-02. Therefore, Plaintiff has failed to marshal any facts or legal arguments that would warrant a finding of waiver. *See Lamkin*, 440 F. App'x at 610 (a party asserting a waiver of arbitration has a heavy burden of proof). Accordingly, in the instant case, arbitration is appropriate.

---

[5] Thus, Plaintiff's remaining arguments of miscellaneous waiver claims related to Defendant's actions in the Coalfire state case are not relevant. (Doc. ## 14 at 5-7, 32 at 8-10.)

**E.     DISMISSAL**

The Court must also decide whether Defendant's requested relief—dismissal of Plaintiff's claims—is proper.  Section 3 of the FAA provides that the Court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."  9 U.S.C. § 3.  The Tenth Circuit has long held that pursuant to Section 3 of the FAA, actions must be stayed, rather than dismissed, pending arbitration.  *See Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994) (district court erred in dismissing action when the proper course was to stay the action pending arbitration); *see also Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538-39 (10th Cir. 1987) ("Section 3 of the Federal Arbitration Act contemplates continuing supervision by the district court to ensure that arbitration proceedings are conducted within a reasonable period of time, thus preventing any impairment of the plaintiffs' rights to seek relief.").  Therefore, the Court will stay, rather than dismiss this proceeding.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is ORDERED that:

1. Defendant's Motion to Dismiss (Doc. # 20) is GRANTED IN PART and DENIED IN PART.

2. The motion is DENIED to the extent that it seeks dismissal of Plaintiff's claims.

3. Instead, it is FURTHER ORDERED that these proceedings are stayed pending   arbitration.

4. It is FURTHER ORDERED the parties are directed to continue arbitration of the underlying dispute according to the terms of the Employment Agreement.

5. It is FURTHER ORDERED this case shall be ADMINISTRATIVELY CLOSED until the parties submit a status report regarding the conclusion of the proceedings before the AAA. Such status report is to be submitted to the Court within 10 days of the AAA's decision.

6. It is FURTHER ORDERED this Court shall retain jurisdiction to review, modify, or vacate any arbitration award, should any party choose to seek such action as permitted by the FAA.

DATED: August __01__, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge